UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSA LOPEZ,

      Plaintiff,

v.                                      Case No:   8:13-cv-2177-T-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____

## OPINION AND ORDER

Plaintiff, Rosa Lopez, appeals the final decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I. Issues on Appeal

Plaintiff argues two issues on appeal: (1) whether the ALJ erred by failing to find Plaintiff's urinary frequency, kidney disease, and renal insufficiency "severe" at step two of the sequential evaluation process; and (2) whether the hypothetical question posed to the vocational expert ("VE") erroneously failed to account for such limitations.

### II. Procedural History and Summary of the ALJ's Decision

On November 17, 2010, Plaintiff protectively filed an application for a period

of disability, DIB, and SSI alleging she became disabled and unable to work on October 18, 2010 due to shoulder, neck, knee, and back pain. Tr. 106-07, 177. The Social Security Administration ("SSA") denied her claim initially on December 23, 2010, and upon reconsideration on March 17, 2011. Tr. 110-17, 121-26. Plaintiff then requested and received a hearing before an ALJ on April 23, 2012, during which she was represented by an attorney. Tr. 33-70. Plaintiff and VE Steven Simon testified at the hearing.

On April 30, 2012, the ALJ issued a decision, finding Plaintiff not disabled and denying her claim. Tr. 20-28. The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. Tr. 22. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 18, 2010, the alleged onset date. *Id.* At step two, the ALJ determined that Plaintiff had the following severe impairments: osteoarthritis, back pain, hypertension, Achilles' tendinitis, plantar fasciitis, and obesity. *Id.* The ALJ also found that Plaintiff's urinary frequency, kidney disease, renal insufficiency, and mental impairments of depression and anxiety were non-severe impairments. Tr. 23-24. At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[1] Tr. 24. In

---

[1] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 405.1525(a).

doing so, the ALJ explicitly considered whether the medical evidence satisfied the criteria of Listing 1.00ff (musculoskeletal system) and Social Security Ruling 02-1p for claimant's obesity, and he concluded that it did not. Tr. 24; 20 C.F.R. pt. 404, subpt. P, app. 1.

Taking into account the effects from all of Plaintiff's impairments – both severe and non-severe – the ALJ then determined that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b) and 416.967(b),[2] with some additional limitations. Tr. 24. The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." Tr. 26. In making this finding, the ALJ considered Plaintiff's diagnoses of chronic renal failure and atrophic kidneys, but noted that diagnostic testifying revealed no evidence of stenosis. *Id.*

Taking into consideration his RFC determination, the physical and mental demands of Plaintiff's past relevant work and the VE's testimony and opinion, the ALJ found that Plaintiff could perform her past relevant work as a cook helper, which

---

[2] The regulations define "light work" as follows:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

is classified as medium work under the Dictionary of Occupational Titles ("DOT"), but that Plaintiff had previously performed this job at the light exertional level based on her description of her job duties. Tr. 27.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, and submitted additional medical records and a Kidney Residual Functional Capacity Questionnaire. Tr. 2. After considering the ALJ's decision and the additional records, the Appeals Counsel denied the request on July 22, 2013. Tr. 1-5. Accordingly, the ALJ's April 30, 2012 decision is the final decision of the Commissioner. On August 22, 2013, Plaintiff timely filed her Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). Doc. 1.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)

(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence.  *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."  *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

IV. Discussion

  A. *Step Two Analysis*

On appeal, Plaintiff first argues that the ALJ erred in finding that Plaintiff's atrophic kidney and renal failure did not constitute severe impairments at step two, asserting substantial evidence supports otherwise. Defendant responds that the argument lacks merit because the ALJ found that Plaintiff had severe impairments and then proceeded to step five of the sequential evaluation process. Defendant further argues that the ALJ properly considered Plaintiff's kidney impairments in assessing her RFC and that Plaintiff failed to meet her burden of proving that she had actual, specific limitations, corroborated by the evidence, caused by her kidney impairments. Tr. 25-27. The Court agrees with the Commissioner.

At the second step in the sequential evaluation process, the ALJ determines whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Plaintiff bears the burden of establishing that her impairments are severe and prevent the performance of her past relevant work. *Yuckert*, 482 U.S. at 146 n.5. A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). "A non-severe impairment is a slight abnormality which has such a minimal effect on the individual that it could not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). "Claimant need show only that her impairment is not so slight and its effect is not so minimal."

*McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). "Severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruther v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

Plaintiff alleged in her disability application the inability to work due to shoulder, neck, knee, and back pain. Tr. 177. She also completed a disability report in January 2011, in which she reported that there had not been any change in her conditions for which she was seeking disability. Tr. 152. For the first time at the hearing, Plaintiff testified that she had kidney problems, which caused her to urinate more than 20 times a day and 7-8 times a night. Tr. 49. She testified that when she gets the feeling she has to use the restroom, she needs to use it immediately and must stay near a restroom at all times. Tr. 50.

Here, the ALJ determined that the only severe impairments Plaintiff suffered from were osteoarthritis, back pain, hypertension, Achilles' tendinitis, plantar fasciitis, and obesity. Tr. 22. The ALJ acknowledged that Plaintiff had sought treatment for urinary frequency, kidney disease, and renal insufficiency, but that "these conditions are well maintained and pose no significant work-related limitations and are thus deemed non-severe."[3] Tr. 23. Although the ALJ found

---

[3] Plaintiff briefly states that the ALJ used an improper legal standard in determining severity, exceeding the "slight abnormality" or "de minimis" standards. Doc. 23 at 9. This argument is not well taken. In a case where the ALJ used similar language in its opinion, the Eleventh Circuit concluded that the ALJ did not apply an incorrect legal standard at step two. *Gray v. Comm'r of Soc. Security*, 426 F. App'x 751, 753 (11th Cir. 2011). The court found that the ALJ "simply used the language of the regulations in stating that Gray's impairments did not 'significantly limit' her ability to perform basic work activities." *Id.* (citing 20 C.F.R. § 404.1520(c)).

that Plaintiff's kidney conditions were non-severe, the ALJ did find that Plaintiff suffered from severe impairments and continued through the sequential evaluation to step five. Tr. 23, 25-27. The Eleventh Circuit has noted that the finding of *any* severe impairment is enough to satisfy step two, "because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." *Burgin v. Comm'r of Soc. Security*, 420 F. App'x 901, 902 (11th Cir. Mar. 30, 2011). Thus, even assuming the ALJ erred when he concluded that Plaintiff's kidney conditions were not severe impairments, that error was harmless, because the ALJ considered all of her impairments, including those he deemed non-severe, when determining Plaintiff's RFC, which is supported by substantial evidence, discussed *infra*. *See Burgin*, 420 F. App'x at 902-03; *Delia v. Comm'r of Soc. Security*, 433 F. App'x 885, 887 (11th Cir. 2011) (finding that because the ALJ gave full consideration to plaintiff's mental impairments on his ability to work at later steps in the analysis, the error at step two was harmless and not a cause for reversal).

In determining Plaintiff's RFC, the ALJ acknowledged Plaintiff's testimony regarding her kidney problems and frequency (Tr. 25), but ultimately found that Plaintiff's subjective complaints were not entirely credible, for reasons which the ALJ explained. Tr. 26. The ALJ stated that Plaintiff sought treatment for a variety of impairments for which she alleges prevent her from engaging in substantial gainful activity, but the record shows she sought inconsistent treatment. She also reported to the State of Florida that she was able to work for the purposes of receiving

unemployment benefits while simultaneously reporting to the SSA that she was unable to work for the purposes of receiving disability benefits, weighing against her credibility. Tr. 26-27. In fact, the record shows that Plaintiff worked full time during the time she first reported she had been experiencing nocturia,[4] in December 2009. Tr. 253-55.

The Court finds that substantial evidence supports the ALJ's RFC finding. Although the record reveals diagnoses of renal failure in September 2011 (Tr. 328), and nocturia (Tr. 253), there is no evidence in the record that demonstrates these conditions would significantly limit her ability to do basic work activities. Rather, the record shows that Plaintiff's doctors placed no restrictions on her activities or limitations because of these conditions, nor that any treatment or therapy has been recommended for these conditions. The ALJ acknowledged that claimant was diagnosed with chronic renal failure and atrophic kidneys. Tr. 26. Although an ultrasound revealed that Plaintiff's left kidney had atrophied and her right kidney was small (Tr. 307), the ALJ noted that a renal angiogram dated October 31, 2011, which is after Plaintiff's diagnosis of renal failure, revealed no renal artery stenosis. Tr. 26, 298.

Plaintiff argues that the ALJ erred because he failed to consider or give proper weight to the opinion and records of Dr. Cecilio Hernandez, M.D., a nephrologist, when determining severity. Dr. Hernandez completed a Kidney Residual Functional Capacity Questionnaire on May 12, 2012, but as noted, the questionnaire was

---

[4] Nocturia is waking at night to urinate.

completed after the ALJ's opinion and was only submitted to the Appeals Council. Tr. 1-6. In fact, the majority of Dr. Hernandez's records (Tr. 327-31) were not before the ALJ; rather, they were submitted for review to the Appeals Council. Tr. 1-6. The Appeals Council considered Dr. Hernandez's opinions and records, incorporated them into the record, and ultimately found that they did not provide a basis for changing the ALJ's decision. Tr. 2. Therefore, the Commissioner has considered Dr. Hernandez's opinion and found that it failed to establish error in the ALJ's decision.

The Court now considers the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram*, 496 F.3d at 1265. The Court finds that this additional evidence does not undermine the substantial evidence supporting the ALJ's decision. Dr. Hernandez opined that Plaintiff would need ready access to a restroom, but that she would not need to take unscheduled restroom breaks. Tr. 341. Dr. Hernandez also opined that he does not know how much advance notice Plaintiff needs before a restroom break and that her symptoms would seldom be severe enough to interfere with her attention and concentration, needing to urinate 6 to 8 times per day. Tr. 339, 341. Thus, nothing in the record, including the documents from Dr. Hernandez, indicate that Plaintiff's kidney problems caused any limitations in her ability to perform basic, work-related functions. The physicians that examined Plaintiff found no objective evidence that she was so physically limited. Accordingly, substantial evidence supported the Commissioner's

finding that Plaintiff's kidney problems were not a severe impairment.

### B. Vocational Expert Testimony

Plaintiff contends that because the hypothetical question posed to the VE did not include Plaintiff's non-severe limitations, the ALJ erred in his reliance on the VE's testimony to find that Plaintiff could perform her past relevant work as a cook helper. Because the Court has found that substantial evidence supports the ALJ's RFC finding for the reasons discussed *supra,* and that the ALJ properly considered the entire record, including Plaintiff's non-severe limitations, in making his determination, Plaintiff's argument fails. While it is true that the hypothetical question posed to a vocational expert must include all of a claimant's limitations, *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), the ALJ was not required to include findings in the hypothetical that he had considered and properly rejected as unsupported, as occurred here. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *Delia*, 433 F. App'x at 888.

### V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3. The Clerk of Court is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of December, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record